UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: SECTION 16(B) LITIGATION | MASTER CASE NO. C07-1549JLR<br><br>ORDER |

This consolidated case involves 54 derivative shareholder actions brought by one shareholder, Plaintiff Vanessa Simmonds. The cases are based on the theory that Defendants engaged in insider trading during the late 1990s and early 2000 during which there was an increase in private companies going public. Ms. Simmonds sued the underwriters that were responsible for underwriting the initial public offerings ("IPOs") for many of these companies (hereinafter the "Underwriter Defendants"), whose duties included setting an IPO price for the shares. Ms. Simmonds also named, as nominal defendants, the companies themselves (hereinafter the "Issuer Defendants").

On March 12, 2009, the court granted the Issuer Defendants' motion to dismiss without prejudice, and granted the Underwriter Defendants' omnibus motion to dismiss with prejudice (Dkt. # 78). Ms. Simmonds appealed, and the Court of Appeals for the Ninth Circuit affirmed in part, vacated in part, and remanded. *Simmonds v. Credit Suisse Secs. (USA) LLC*, 638 F.3d 1072 (9th Cir. 2011). Defendants appealed to the United States Supreme Court, which granted certiorari. *Credit Suisse Secs. (USA) LLC v. Simmonds*, 131 S. Ct. 3064 (2011). On March 26, 2012, the Supreme Court vacated the Ninth Circuit's opinion and remanded. *Credit Suisse Secs. (USA) LLC v. Simmonds* ("*Credit Suisse*"), 132 S. Ct. 1414 (2012).

On May 16, 2012, the Ninth Circuit entered an order directing this court to dismiss with prejudice the following cases involving the Issuer Defendants: C07-1549; C07-1567, C07-1570, C07-1571, C07-1572, C07-1573, C07-1576, C07-1584, C07-1587, C07-1588,C07-1589, C07-1590, C07-1594, C07-1595, C07-1597, C07-1598, C07-1605, C07-1623, C07-1624, C07-1629, C07-1631, C07-1633, C07-1637, C07-1652, C07-1653, C07-1654, C07-1655, C07-1666, C07-1667, and C07-1669. (USCA Order (Dkt. # 101) at 36.) The Ninth Circuit also remanded the following cases involving the Underwriter Defendants for proceedings consistent with the Supreme Court's opinion in *Credit Suisse*: C07-1566, C07-1568, C07-1569, C07-1575, C07-1577, C07-1578, C07-1579,C07-1580, C07-1581, C07-1582,C07-1583, C07-1585, C07-1593, C07-1626, C07-1627, C07-1628, C07-1630, C07-1632, C07-1634, C07-1635, C07-1636, C07-1638, C07-1668, C07-1670. (USCA Order at 35-36.) On June 7, 2012, the Ninth Circuit issued its mandate (Dkt. ## 102, 103).

On June 11, 2012, prior to this court entering any order consistent with the Ninth Circuit's mandate, Ms. Simmonds filed identical notices of voluntary dismissal in all 54 of her cases. The notices of dismissal state in full:

> Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff hereby dismisses this action with prejudice as to the adequacy-of-the-pre-suit-demand issue under the standard articulated by the Ninth Circuit (*see Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1097 (9th Cir. 2011) (citing *In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973)), and without prejudice as to all other issues.

(*See, e.g.*, Not. of Dismissal (Dkt. # 104) at 2.) Rule 41(a)(1)(A)(i) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, it is undisputed that no defendant has filed an answer or motion for summary judgment.

Nevertheless, on June 20, 2012, the Underwriter Defendants filed a response to Ms. Simmonds's notices of dismissal. (Resp. (Dkt. # 105).) First, the Underwriter Defendants contend that Ms. Simmonds's notices of voluntary dismissal operate to dismiss the entire action with prejudice, arguing that her attempt to parse the dismissal on an issue-by-issue basis is legally inoperative. (*Id.* at 2.) Second, the Underwriter Defendants assert that Ms. Simmonds is not entitled to voluntarily dismiss the cases that the Ninth Circuit ordered this court to dismiss with prejudice. (*Id.* at 2-3.) Finally, the Underwriter Defendants maintain that dismissal with prejudice of all of Ms. Simmonds's cases is appropriate because her claims are time-barred under the Supreme Court's opinion in this matter. (*Id.* at 3-4.)

"It is well-settled that under Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" *Commercial Space Mgmt. Co. v. The Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)); *see also United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008). As the Ninth Circuit explained in *Pedrina v. Chun*, 987 F.2d 608 (9th Cir. 1993):

> Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Id.* at 610 (internal citation omitted). "Because the dismissal is effective on filing and no court order is required, '[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.'" *Commercial Space*, 193 F.3d at 1077 (quoting *Wilson*, 111 F.3d at 692). The effect is to "leave[ ] the parties as though no action had been brought." *Id.* (quoting *Wilson*, 111 F.3d at 692) (alternation in *Commercial Space*). In sum, "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Id.* at 1078.

In light of these principles, the court is not persuaded by the Underwriter Defendants' arguments articulated above. With respect to their first argument that the

court should deem Ms. Simmonds's dismissals to be with prejudice, a determination of the effect of Ms. Simmonds's notices of dismissal (i.e. whether they are with or without prejudice) should be made if and when she initiates a second action that includes the same claim. *See id.* at 1080 ("Like determinations of res judicata, which routinely occur in the context of a different action, and usually in a different forum, we see no reason why the interests of judicial economy are not well served by deferring resolution of the effect of prior dismissals under the two dismissal rule to the third action, if and when one is filed that is based on or includes the same claim."). Regarding their second argument that Ms. Simmonds cannot voluntarily dismiss because of the Ninth Circuit's May 16, 2012 order, the court has found no binding authority providing an exception to the "absolute right" to voluntarily dismiss prior to service of an answer or a motion for summary judgment. The effect of the Ninth Circuit's May 16, 2012 order can be assessed if Ms. Simmonds files another similar action against any of the Underwriter Defendants or Issuer Defendants. Finally, with respect to the Underwriter Defendants' third argument that the merits of the case require dismissal with prejudice, it is improper for the court to address the merits of the case after Ms. Simmonds filed her notices of dismissal. *See id.* at 1078.

Based on the foregoing, the court DENIES the Underwriter Defendants' objections to Ms. Simmonds' notice of voluntary dismissal and DIRECTS the clerk to

\\

\\

terminate all of Ms. Simmonds' 54 cases that have been consolidated under Master Case No. C07-1549JLR pursuant to her notices of voluntary dismissal.

Dated this 8th day of July, 2012.

JAMES L. ROBART
United States District Judge